UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

KIRILL YUROVSKIY, a foreign individual,

    Plaintiff,

vs.

IMPEX POINT, LLC., a Florida Limited Liability Corporation

    Defendant.

Case No.: 9:18-cv-81288

## MOTION FOR PROCEEDINGS SUPPLEMENTARY AND REQUEST TO IMPLEAD THIRD PARTY

Plaintiff, KIRILL YUROVSKY ("Plaintiff" or "Yurovsky"), by and through undersigned counsel and pursuant to Fla. Stat. § 56.29, hereby moves for commencement of Proceedings Supplementary and to Implead Third-Party, ANDREY PETROV ("Petrov"), and in support states as follows:

1. On November 16, 2018, this Court entered its Final Judgment ("Final Judgment") in favor of Plaintiff, KIRILL YUROVSKY, against Defendant-Judgment Debtor, IMPEX POINT, LLC. ("Impex Point"), in the amount of $335,109.60, in principal, on Plaintiff's Complaint that alleged, among other things Breach of Contract and a FDUTPA claim. A copy of the Final Judgment is attached hereto as **Exhibit "A."**

2. Pursuant to the Final Judgment, Judgement Debtor, Impex Point, is liable for a judgement amount of $335,109.60, of which to date has not been satisfied and remains outstanding.

3. Through post-judgment collection investigations and discovery in aid of execution, Plaintiff has learned that Petrov, is the alter ego of Judgment Debtor, Impex Point, used for an improper purpose to evade creditors. Petrov is liable for the Final Judgment. Therefore, Plaintiff moves this Court to implead ANDREY PETROV in Proceedings Supplementary.

4. Fla. Stat. § 56.29 "governs proceedings supplementary, which allow for a judgment creditor 'to ferret out what assets the judgment debtor may have or what property of his others may be holding for him, or may have received from him to defeat the execution." *Longo v. Associated Limousine Services, Inc.*, 236 So. 3d 1115, 1118 (Fla. 4th DCA 2018) (citing *Young v. McKenzie*, 46 So. 2d. 184, 185 (Fla. 1950)). "The statute governing proceedings supplementary is 'equitable in nature and should be liberally construed.'" *Longo*, 236 So. 3d at 1118. "Proceedings supplementary 'enable speedy and direct proceedings in the same court in which the judgment was recovered to better afford to a judgment creditor the most complete relief possible in satisfying the judgment.'" *Id*. (citing *Zureikat v. Shaibani*, 944 So. 2d 1019, 1023 (Fla. 5th DCA 2006). "The statutory procedure was designed to avoid the necessity of the judgment creditor initiating an entirely separate action for a creditor's bill." *Longo*, 236 So. 3d at 1118 (citing *Regent Bank v. Woodox*, 636 So. 2d 885, 886 (Fla. 4th DCA 1994).

5. Florida courts routinely implead third parties through proceedings supplementary to afford judgment creditors the ability to try to collect its judgment. *Longo*, 236 So. 3d at 1118 ("Judges thus have the power and duty 'to bring in and implead third parties wherever it appears relief against them may be warranted'"). Federal Courts in applying State law look to the State where they sit in applying such law and thus *Longo* offers this Court authority on how to apply the law regarding proceedings supplementary.

6. Fla. Stat. §56.29(1) sets forth the method to initiate proceedings supplementary. Fla. Stat. §56.29 (2) governs when third parties may be impleaded into proceedings supplementary, but importantly "an order allowing impleader of third parties under section 56.29 does no more than allow third parties to be sued, and does not determine any substantive rights." *Longo*, 236 So. 3d at 1118.

7. Fla. Stat. §56.29 states in relevant parts:

> (1) When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, **and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.**
>
> (2) The judgment creditor shall, in the motion described in subsection (1) or in a supplemental affidavit, **describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment**. Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, **then the court shall issue a Notice to Appear**. The Notice to Appear shall direct such person to file an affidavit, as provided in s. 56.16, with the court by a date certain, which date shall not be less than 7 business days from the date of service of the Notice to Appear, stating why the property, debt, or other obligation should not be applied to satisfy the judgment. For good cause shown, the court may shorten the time for serving an affidavit. The Notice to Appear must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment, must provide such person with the opportunity to present defenses, and must indicate that discovery as provided under the rules of civil procedure is available and that there is a right to a jury trial as provided in s. 56.18. The Notice to Appear must be served as provided for in chapter 48. A responding affidavit must raise any fact or defense opposing application of the property described in the Notice to Appear to satisfy the judgment, including legal defenses, such as lack of personal jurisdiction. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit.

(emphasis added).

8. "To initiate proceedings supplementary, section 56.29(1) 'requires that the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding.'" *Longo*, 236 So. 3d at 1119.

> "When a judgment creditor holds an unsatisfied judgment and files a motion and affidavit in compliance with section 56.29(1), 'the judgment creditor is entitled to these proceedings supplementary to execution.' § 56.29(1), Fla. Stat. (2016). '**Upon a showing of the**

3

> **statutory prerequisites, the court has no discretion to deny the motion**.'"

*Longo*, 236 So. 3d at 1119. (emphasis added).

9.  Here, Plaintiff has filed the affidavit of Andre G. Raikhelson averring that the Final Judgment has not been satisfied, and the amount outstanding as required by Fla. Stat. §56.29(1). See Raikhelson Affidavit at ¶4-5. As a matter of law, this triggers Plaintiff's right to proceedings supplementary. *Longo*, 236 So. 3d at 1119.

10.  With respect to impleading third parties alleged to be the alter ego of the Judgment Credit, the Fourth District Court of Appeals has held:

> In cases where the judgment creditor is seeking to implead a third party on the basis that the third party is the alter ego of the judgment debtor (as opposed to cases where the third party is the recipient of a fraudulent transfer of property), it seems odd to require the judgment creditor to "describe any property of the judgment debtor" or "any property, debt, or other obligation due to the judgment debtor." A third party's liability under an alter ego theory is not premised upon a fraudulent transfer of the judgment debtor's property, but is instead premised on the notion that the judgment debtor and third party should be treated as the same entity. Still, the description requirement in section 56.29(2) is a clear requirement of the statute, and the judgment debtor failed to satisfy that requirement in this case.
>
> ***
>
> Furthermore, to provide clarity on remand, we conclude that in cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment.
>
> Contrary to the impleader defendants' suggestion, **the judgment creditor's affidavit does not need to identify property that had been transferred to the impleader defendants**. Because a judgment debtor and an alter ego are treated as the same entity, we find that section 56.29(2)'s required description of "any property of the judgment debtor … or any property, debt, or other obligation due to the judgment debtor" may include property of an alleged alter ego of the judgment debtor.

4

*Longo*, 236 So. 3d at 1121. (emphasis added).

11. Here, Plaintiff has identified the property that may be subject to execution through the affidavit of Andre G. Raikhelson, thereby satisfying the requirements of Fla. Stat. §56.29(2). See Raikhelson Affidavit at ¶8. "Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court shall issue a Notice to Appear." Fla. Stat. §56.29(2). A Notice to Appear directed to Petrov is attached hereto as **Exhibit "B."**

12. There is substantial evidence that Petrov and Impex Point are one and the same. In the alternative, Impex Point is and was the alter ego of Petrov being used for an improper purpose and to defraud creditors. *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1117 (Fla. 1984). In the alternative, Petrov has continued the business of Impex Point or has resulted in a de facto merger of assets. *Amjad Munim, M.D., P.A. v. Azar*, 648 So.2d 145 (Fla. 4th DCA 1994). Under any of these circumstances, Petrov is liable for the Final Judgment.

13. A search of the Florida Division of Corporations also reveals that Petrov is the manager of Impex Point. See **Exhibit "C"**.

14. Petrov holds property which may be applied toward the satisfaction of the Final Judgment. See Raikhelson Affidavit at ¶6-8. Property which may be levied and applied towards satisfaction of the Final Judgment includes, but is not limited to, Petrov's: (a) bank accounts; and (b) personal property. See *G.M. Leasing Corp.*, v. U.S., 429 U.S. 338, 350-51 (1977) (noting that property held by an "alter ego" of a debtor is subject to collection of the debtor's liability).

15. Accordingly, Plaintiff is entitled to commence proceedings supplementary to execution pursuant to Fla. Stat. § 56.29(1) and to implead Petrov as a third-party that may be holding property to satisfy the Final Judgment pursuant to Fla. Stat. § 56.29(1).

16. Fla. Stat. § 56.29(8) and 57.115(1) provide for the award of fees and costs to be awarded to the judgment creditor, the Plaintiff, in addition to the collection of the Final Judgment.

Plaintiff has retained the undersigned counsel to represent it in this action and has agreed to pay it reasonable attorneys' fees and costs. The Court should award Plaintiff its reasonable attorneys' fees and costs against Petrov.

WHEREFORE, Plaintiff-Judgment Creditor, KIRILL YUROVSKY, moves that this Court grant this motion commencing proceedings supplementary, implead third-party ANDREY PETROV, enter the Notice to Appear attached hereto as Exhibit B, awarding Plaintiff its reasonable attorneys' fees and costs and grant any such further relief as this Court deem just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1

Undersigned counsel attempted to meet and confer by phone before filing this instant motion. Undersigned called Mr. Gary Grant, who spoke to Undersigned about the
trajectory of this case and this instant Motion.

DATED: March 27, 2020

Respectfully submitted,

                By:   Law Offices of Andre G. Raikhelson, LLC.
                      Counsel for Plaintiff
                      301 Yamato Road
                      Suite 1240
                      Boca Raton, FL 33431
                      Telephone: (954) 895-5566
                      Primary Email: arlaw@raikhelsonlaw.com

                      /s/ Andre G. Raikhelson
                      Andre G. Raikhelson, Esq.
                      Bar Number: 123657