UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 18-81288-CV-Dimitrouleas/Matthewman

KIRILL YUROVSKIY, a foreign individual,

    Plaintiff,

vs.

IMPEX POINT, LLC, a Florida Limited
Liability Corporation,

    Defendant.

_____/

FILED BY ___KJZ___ D.C.

Jun 11, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER GRANTING JUDGMENT CREDITOR'S MOTION FOR PROCEEDINGS
SUPPLEMENTARY AND REQUEST TO IMPLEAD THIRD PARTY [DE 74]**

**THIS CAUSE** is before the Court upon Plaintiff/Judgment Creditor, Kirill Yurovskiy's ("Judgment Creditor") Motion for Proceedings Supplementary and Request to Implead Third Party ("Motion") [DE 74]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas. *See* DE 64. Non-party Andrey Petrov ("Mr. Petrov") has filed a response [DE 75], and Judgment Creditor has filed a reply [DE 76]. The matter is now ripe for review.

**I.**    **Motion, Response, and Reply**

In his Motion, Judgment Creditor requests commencement of proceedings supplementary and to implead Mr. Petrov pursuant to §§ 56.29(1) and (2), Fla. Stat. [DE 74, pp. 1-3]. Judgment Creditor contends that he has "identified the property that may be subject to execution through the affidavit of Andre G. Raikhelson, thereby satisfying the requirements of Fla. Stat. §56.29(2)." *Id.* at p. 5. He also asserts that he has attached a proper Notice to Appear to the Motion. *Id.* According to Judgment Creditor, there is "substantial evidence that Petrov and Impex Point are one and the

1

same," that "Impex Point is and was the alter ego of Petrov being used for an improper purpose and to defraud creditors," or that "Petrov has continued the business of Impex Point or has resulted in a de facto merger of assets." *Id.* Judgment Creditor argues that Mr. Petrov holds bank accounts and personal property that may be "levied and applied towards satisfaction of the Final Judgment." *Id.* Finally, Judgment Creditor claims entitlement to an award of attorney's fees and costs. *Id.* at pp. 5-6.

Attached to the Motion is an Affidavit completed by Andre G. Raikhelson, Esq. [DE 74-1]. In the Affidavit, Mr. Raikhelson attests that Judgment Creditor holds a valid and outstanding Final Judgment against Impex Point, LLC, in the amount of $335,109.60. *Id.* at ¶¶ 3-5. Mr. Raikhelson cites a portion of the deposition transcript from Mr. Petrov's deposition in an apparent attempt to support Judgment Creditor's alter ego theory. *Id.* at ¶¶ 6-7. He states that evidence shows that Mr. Petrov "compensates himself for business expenses with his personal account" and "also admits to paying Judgment Debtor's [ ] debts with his personal account." *Id.* at ¶ 8.

In response to the Motion, Mr. Petrov argues that, since he is a non-party, Judgment Creditor can only implead him by complying with Federal Rules of Civil Procedure 14, 15, and 20, filing a third-party complaint, and issuing a summons. [DE 75, pp. 1-2]. Mr. Petrov asserts that, even if Judgment Creditor is permitted to proceed under § 56.29, Fla. Stat., without first complying with the Federal Rules of Civil Procedure, Judgment Creditor has failed to satisfy the statutory requirement that he describe Mr. Petrov's property that is not exempt from execution. *Id.* at pp. 4-5. He also argues that Judgment Creditor has failed to propose or file a supplemental complaint. *Id.* at p. 5. According to Mr. Petrov, allowing Judgment Creditor to implead him now would prejudice Mr. Petrov because Judgment Creditor could have included him as a party in the original lawsuit, and Mr. Petrov would have defended himself in the suit; then no default judgment

would have ever been entered in Judgment Creditor's favor. *Id.* at p. 6. Mr. Petrov also asserts that a Ukrainian individual, Yaroslav Kozlovskyi, and not Mr. Petrov, is the owner of Impex Point. *Id.* at p. 7.

Attached to the response is the Affidavit of Yaroslav Kozlovskyi [DE 75-1]. Mr. Kozlovskyi claims to be the current owner of Impex Point. Also attached to the response is documentation showing that Impex Point was converted into a Florida limited liability company. [DE 75-2].

In reply, Judgment Creditor asserts that he is moving under § 56.29, Fla. Stat., and that the Federal Rules of Civil Procedure cited by Mr. Petrov are inapplicable. [DE 76, p. 1]. He argues that no supplemental complaint is required. *Id.* at p. 2. Next, Judgment Creditor maintains that Mr. Petrov has no standing to oppose the Motion at this point and that Mr. Petrov can only file a motion to intervene. *Id.* According to Judgment Creditor, he is not seeking to make a claim of fraudulent transfer, but rather is making an alter-ego argument. *Id.* at p. 5. He contends that the Court has already initiated proceedings supplementary and that Mr. Petrov cannot request reconsideration of that ruling at this juncture. *Id.* at p. 8. Finally, in addition to the relief sought in his Motion, Judgment Creditor requests an Order requiring Mr. Petrov to show cause why he should not be sanctioned for (1) filing his response without first being given leave to intervene, and (2) perjuring himself before this Court by attesting that he does not own Impex Point. *Id.* at p. 18. Attached to the reply is the March 2018 Operating Agreement for Impex Point. [DE 76-1].

## II.   Discussion

As an initial matter, Mr. Petrov was within his rights to file a response to the Motion. The Court will not penalize him for doing so and rejects Judgment Creditor's argument to the contrary.

Next, the Court has already initiated proceedings supplementary pursuant to § 56.29, Fla.

3

Stat., and Rule 69 in this case. [DE 70, p. 4].

The Court now turns to whether Judgment Creditor has complied with § 56.29(2), Fla. Stat. The Fourth District Court of Appeal, in analyzing this Florida statute has explained as follows: "We conclude that in cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment." *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1121 (Fla. Dist. Ct. App. 2018). Thus, it appears that property of the alter ego falls within § 56.29(2), Fla. Stat.

Furthermore, the Court finds that Judgment Creditor has sufficiently satisfied the statutory prerequisites of § 56.29(2) for impleading third parties. Section 56.29(2) sets forth several mandatory requirements, including that the moving party "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." § 56.29(2), Fla. Stat. "[I]n cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment." *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 15-CV-62688, 2019 WL 2297524, at *2 (S.D. Fla. May 30, 2019) (quoting *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1121 (Fla. 4th DCA 2018)).

In the Motion and the proposed Notice to Appear, Judgment Creditor identifies property—"bank accounts" and "personal property located in Palm Beach"—of Mr. Petrov, the

4

alleged alter ego, that may be applied toward satisfaction of the Final Judgment. [DE 74, p. 5; 74-3, p. 1]. The Court finds that this description sufficiently meets the reasonable particularity standard.

In sum, the Court finds that Judgment Creditor has fully complied with the statutory requirements and that Judgment Creditor's proposed Notice of Appearance [DE 217-1] is sufficiently specific, that it describes the property at issue with reasonable particularity, and that it fully complies with the Florida Statutes. Therefore, the Court will issue the Notice to Appear.

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Judgment Creditor's Motion for Proceedings Supplementary and Request to Implead Third Party [DE 74] is **GRANTED**.

2. Judgment Creditor shall email the proposed Notice to Appear [DE 74-3] to the undersigned's chambers in Word format to matthewman@flsd.uscourts.gov. The Court will separately issue a Notice to Appear.

3. Upon entry of the Notice to Appear by the Court, Judgment Creditor shall promptly effect proper service of the Notice to Appear on Andrey Petrov.

4. Judgment Creditor shall also promptly file proof of service of the Notice to Appear.

5. Once served with the Notice to Appear, Andrey Petrov shall respond to the Notice to Appear within twenty (20) business days from the date of service. The responding affidavit must raise any fact or defense opposing application of the property described in the Notice to Appear to satisfy the judgment, including legal defenses, such as lack of personal jurisdiction. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit.

6. The Court will reserve ruling on and retain jurisdiction over Judgment Creditor's

request for reasonable attorney's fees and costs against Andrey Petrov.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of June, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge