UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 18-81288-CIV-Dimitrouleas/Matthewman

KIRILL YUROVSKIY, a foreign individual,

    Plaintiff,

vs.

IMPEX POINT, LLC, a Florida Limited
Liability Corporation,

    Defendant.
_____/

FILED BY ____KJZ____ D.C.

Aug 12, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**OMNIBUS ORDER DENYING MOTION OF NON-PARTY ANDREY PETROV TO VACATE ORDER DATED JUNE 16, 2020 [DE 81],**

**OVERRULING AND DENYING NON-PARTY ANDREY PETROV'S OBJECTIONS TO THE COMMUNICATION TO COURT BY JUDGMENT CREDITOR'S COUNSEL [DE 79],**

**IMPOSING SANCTIONS AGAINST NON-PARTY, ANDREY PETROV AND HIS COUNSEL, GARY GRANT,**

**AND**

**REFERRING ATTORNEY GARY GRANT TO THE SOUTHERN DISTRICT OF FLORIDA COMMITTEE ON ATTORNEY ADMISSIONS, PEER REVIEW, AND ATTORNEY GRIEVANCE, AND TO THE FLORIDA BAR**

**THIS CAUSE** is before the Court upon the Motion of Non-party Andrey Petrov ("Mr. Petrov") to Vacate Order Dated June 16, 2020 ("Motion") [DE 81] and upon the Objection of Non-party Andrey Petrov to the Communication by Counsel for Kirill Yurovskiy to Court by Email Contrary to F.R. Civ. P. [DE 79]. This matter was referred to the undersigned by the Honorable

1

William P. Dimitrouleas, United States District Judge. *See* DE 64. Plaintiff/Judgment Creditor, Kirill Yurovskiy ("Judgment Creditor") has filed a response and Request for Sanctions [DE 82]. No reply has been filed by Mr. Petrov. Thus, this matter is ripe for review.

## I.  BACKGROUND

This case is currently in the post-judgment stage. In order for the reader to understand the present dispute, a brief recitation of the procedural history is necessary.

### A. Plaintiff Kirill Yurovskiy Obtains a Judgment Against Defendant Impex Point, LLC

On November 16, 2018, the Court entered Final Default Judgment [DE 19] in the amount of $335,109.60 in favor of Plaintiff, Kirill Yurovskiy, and against Defendant, Impex Point, LLC. At that point, Plaintiff became Judgment Creditor.

### B. Judgment Creditor Pursues Post-Judgment Collection Activities Including the Deposition of Non-Party Mr. Petrov, Followed by Proceedings Supplementary

Thereafter, beginning on December 20, 2018, Judgment Creditor began efforts to collect on his Judgment by seeking and obtaining writs of execution [DEs 23, 25, 27, 28] and a writ of garnishment [DE 34]. Judgment Creditor then spent several months attempting to, and then finally succeeding, in obtaining deposition testimony and documents from Non-party Andrey Petrov to assist Judgment Creditor in collecting on the Judgment.

As to the efforts of Judgment Creditor to take the deposition of, and obtain documents from, Non-party Mr. Petrov, the undersigned held two contentious hearings, one on June 10, 2019, [DE 45] and one on December 19, 2019 [DE 57]. In this regard, the Court entered at least six Orders on the post-judgment deposition and document production issues involving Judgment Creditor and Mr. Petrov. *See* DEs 42, 46, 51, 55, 58, 61. There were a myriad of disputes between Judgment Creditor and his counsel and Mr. Petrov and his counsel regarding taking the deposition

of Mr. Petrov, the scope of the deposition, the production of documents, and related matters. Ultimately, after extensive involvement by the Court, including the holding of hearings and entering of Orders, the deposition of Mr. Petrov began on February 11, 2020, was continued until February 18, 2020, so Mr. Petrov could produce additional documents, and then concluded on February 18, 2020. This deposition of Mr. Petrov and the production of documents only occurred after the Court was forced to enter several Orders, including an Order which, *inter alia,* advised Judgment Creditor and his counsel, and Mr. Petrov and his counsel, that the Court would impose sanctions if further games were played and that the Court would refer any offending counsel to appropriate Bar authorities if any further misconduct occurred. [DE 58, pp. 3-4].

Once Judgment Creditor took the deposition of Non-party Mr. Petrov and obtained certain documents from him, Judgment Creditor then sought to institute proceedings supplementary. On March 5, 2020, Judgment Creditor filed a Motion and Affidavit Requesting Proceedings Supplementary and Debtor Examination [DE 63]. Non-Party Mr. Petrov opposed Judgment Creditor's motion [DE 67]. The Court granted in part and denied in part that motion and then denied Judgment Creditor's two Motions for Reconsideration. [DEs 70, 71, 73]. Per the Court's Order, proceedings supplementary were instituted pursuant to Fla. Stat. 56.29 and Federal Rule of Civil Procedure 69. [DE 70, p. 4]. However, the Court advised Judgment Creditor that if he wished to obtain further relief, he would have to file a proper supplemental motion for relief. [DE 70, p. 4,]. Thus, as of March 23, 2020, proceedings supplementary were initiated by the Court. [DE 70].

Thereafter, on March 27, 2020, Judgment Creditor filed his Motion for Proceedings Supplementary and Request to Implead Third Party [DE 74]. Non-Party Mr. Petrov filed a written opposition to Judgment Creditor's Motion [DE 75]. On June 11, 2020, the Court entered its Order [DE 77] on Judgment Creditor's Motion [DE 74]. In that Order, the Court first noted that it had

3

previously instituted proceedings supplementary. [DE 77, pp. 3-4]. The Court next granted Judgment Creditor's motion to implead Mr. Petrov, ordering that Judgment Creditor would be required to serve the Notice to Appear upon Mr. Petrov, and that Mr. Petrov would have 20 business days from service to respond to the Notice to Appear and assert his defenses. [DE 77, pp. 5-6]. In so ruling, the Court found that Judgment Creditor had fully complied with the statutory requirements and that Judgment Creditor's proposed Notice to Appear [DE 74-3] was sufficiently specific, that it described the property at issue with reasonable particularity, and that it fully complied with the Florida Statutes. [DE 77, p. 5]. The Court further stated that it would issue the Notice to Appear. *Id.* The Court ordered that Judgment Creditor email the proposed Notice to Appear, which had been attached to Judgment Creditor's motion [DE 74-3] to the undersigned's chambers in Word format and explained that the Court would separately issue the Notice to Appear. *Id.*

Because the Court had found in its June 11, 2020 Order [DE 77] that the proposed Notice to Appear [DE 74-3] was proper and that it should be issued, the Court simply directed, as is routine in this district, that Judgment Creditor submit the proposed Notice to Appear in Word format for the Court's final review and entry. Judgment Creditor complied with the Court's Order and, as routinely done in this district on a daily basis, emailed to the Court the proposed Notice to Appear, in Word format, which proposed Notice had previously been attached as an exhibit to the Motion for Proceedings Supplementary and Request to Implead Third Party in PDF format. *See* DE 74-3. And, the email (with the attached proposed Notice to Appear) from Judgment Creditor's counsel to the Court was properly copied to Mr. Petrov's counsel.

Specifically, on June 16, 2020, the Court (and Mr. Petrov's counsel) received an email from Judgment Creditor's counsel attaching the proposed Notice to Appear in Word format. Upon

4

review, the Court made certain minor stylistic changes and **lengthened** the period of time for Mr. Petrov to respond and assert his defenses from the proposed "20 days" to "20 business days," in order to ensure that Mr. Petrov had sufficient time to respond during the COVID-19 pandemic. On June 16, 2020, the Court issued the Notice to Appear [DE 78]. At this point, the Court expected that Mr. Petrov would appropriately respond to the Notice to Appear, assert his defenses, and then this matter could proceed in due course. However, instead of properly responding and asserting any appropriate defenses, Mr. Petrov, through his counsel, Gary Grant, chose instead to respond with frivolous filings containing legal and factual misrepresentations in what the Court finds to be a clear effort to delay and frustrate these proceedings, as discussed below.

## II.     NON-PARTY PETROV'S OBJECTIONS TO EMAIL COMMUNICATION

On June 16, 2020, Mr. Petrov and his counsel, Gary Grant, filed an Objection to the email communication to the Court from Judgment Creditor [DE 79]. In objecting to this routine procedure of submitting the proposed Notice to Appear via email to the Court, Mr. Grant asserts:

(a) that the email attaching the proposed Notice sent by the Judgment Creditor's counsel to the Court is "…not foreseen or previewed by the Federal Rules of Civil Procedure, particularly in violation of the clear language of Rule 7, previewing forms of motions." [DE 79, p. 1];

(b) that Judgment Creditor's counsel "must act in compliance with the Federal Rules of Civil Procedure, such as filing a Motion for an issuance of an Order, with the prescribed period for a proper Opposition, as previewed by the Rules." [DE 79, p. 1]; and

(c) that "…this Court should refuse receiving or considering such motions by emails and issue an Order prohibiting such unusual communications." [DE 79, p. 1].

The above assertions by Mr. Grant are baseless and wholly frivolous.

First, as to the assertion by Mr. Grant recited in section (a) above, Southern District of Florida Local Rule 7.1(a)(2) requires that motions "be accompanied by a proposed order that is

5

filed and [served] submitted via e-mail to the Court as prescribed by Section 3.I(6) of the CM/ECF Administrative Procedures." S. D. Fla. L.R. 7.1(a)(2). Section 3.I(6) of the CM/ECF Administrative Procedures states that

> In addition to being filed in accordance with these procedures, proposed findings of fact and conclusions of law, jury instructions, and proposed orders, unless otherwise directed by a Judge, shall be filed initially as an attachment to a motion, notice, or other filing in PDF format as required for electronic filings; however, the final version of the proposed document must be e-mailed to the appropriate Judge at the e-mail address listed below. Users must submit the final version of the proposed document by e-mail in Word format (not in PDF format). The e-mail subject line and the name of the attachment should include the case number, followed by a short description of the attachment (e.g., 05-cv-20534 Order). All counsel must be copied on the e-mail to the Judge. The final document, if approved by the Court, will be filed with the Clerk of Court.

§3.I(6), CM/ECF Administrative Procedures. Neither Judgment Creditor's submission of the proposed Notice to Appear to the Court via email with a copy to Mr. Grant, nor the Court's requirement that Judgment Creditor submit the proposed Notice to Appear in Word format via email to the Court, in any way violated any applicable Rules. Clearly, Southern District of Florida Local Rule 7.1(a)(2) and CM/ECF Administrative Procedure 3.I(6) specifically authorize this procedure, something any competent practitioner in federal court in the Southern District of Florida would know. Moreover, this Court routinely receives emailed proposed orders, notices, and other similar documents in virtually all of its cases, as does every other judge in this District.

Further, Mr. Grant's reference to "Rule 7," presumably Federal Rule of Civil Procedure 7, is wholly misplaced as the emailed proposed Notice to Appear was not a new motion and did not seek any new relief, despite Mr. Petrov's misguided and false assertions to the contrary. The Court further notes that the email sent by Judgment Creditor to chambers, which attached the proposed Notice to Appear, was not sent *ex parte*, but rather Judgment Creditor's counsel properly copied opposing counsel Mr. Grant on the email.

6

Second, Mr. Grant's assertion in section (b) above, to the effect that Judgment Creditor's counsel was required to file "a Motion for issuance of an Order, with the prescribed period for a proper Opposition, as previewed by the Rules," is nonsensical and a misrepresentation of the status of this case. Given the procedural history of this case as laid out in Section I(B) of this Order, Mr. Grant's argument that Judgment Creditor's counsel was required to file a new motion in order to send a proposed Notice to Appear in Word format to the Court, is not only frivolous, but also a clear misrepresentation to the Court and opposing counsel as to the status of this case and the applicable facts and law.

Third, Mr. Grant's statement recited in section (c) above that "this Court should refuse receiving or considering such motions by emails and issue an Order prohibiting such unusual communications" is likewise frivolous and a further misrepresentation. The Judgment Creditor's counsel did not submit a ***motion*** by email to the Court; rather, Judgment Creditor's counsel submitted a ***proposed Notice to Appear*** to the Court. That proposed Notice to Appear was authorized by applicable rules and was previously authorized by the Court per its Order [DE 77]; it was not an "unusual communication," as falsely represented by Mr. Grant. The Court finds that the Notice of Objections to Communication [DE 79] filed on June 16, 2020 by Mr. Petrov through his counsel, Mr. Grant, was wholly frivolous and designed to delay these proceedings. But, unfortunately, there was more to come from Mr. Grant.

### III. <u>MR. PETROV'S MOTION TO VACATE NOTICE TO APPEAR AND JUDGMENT CREDITOR'S RESPONSE</u>

On the very next day, June 17, 2020, Mr. Petrov, through his counsel, Mr. Grant, filed a Motion to Vacate [DE 80] and then on the same day also filed what was subsequently described as a "corrected" Motion to Vacate [DE 81] pursuant to a purported "Notice of Errata" [DE 83],

7

which was not filed until the following day. In any event, the operative, pending Motion to Vacate addressed herein is found at DE 81.

In the Motion to Vacate [DE 81], Mr. Petrov expands upon and exacerbates the frivolous arguments made in the Notice of Objection [DE 79] discussed above in Part II of this Order, by frivolously asserting that the Notice to Appear entered by the Court [DE 78] should be vacated "in light of the non-compliance by the counsel for Plaintiff Kirill Yurovskiy with the Federal Rule of Civil Procedure 7, Local Rule 7.1, and in light of the violation of due process, prejudicial to non-party Petrov." [DE 81, p. 1]. Incredibly, Mr. Petrov's counsel specifically argues that the email from Judgment Creditor to the Court was unauthorized by the Federal Rules of Civil Procedure and falsely states that **"no such proposed Order had ever been filed in the case before."** *Id.* at p. 2 [emphasis added by Court].

However, in fact, the proposed Notice to Appear was previously filed in the record months earlier at DE 74-3. And, that Notice to Appear was in the record when Mr. Grant, on behalf of Non-party Mr. Petrov, filed his opposition papers at DE 75. Thus, this is a clear false statement and misrepresentation by Mr. Grant. Mr. Petrov, through his counsel, Mr. Grant, also makes a frivolous due process argument, based upon his misrepresentation of the status of the case, contending that he did not have sufficient opportunity to respond to the "motion" that was emailed to the Court. *Id.* at p. 5. Specifically, the Non-party Mr. Petrov, through his counsel, Mr. Grant, makes the following statements, assertions or argument in his Motion to Vacate, all of which are either false, misleading, frivolous, or made without legal or factual support:

> (a) that the proposed Notice to Appear sent by email from Judgment Creditor's counsel to the Court and opposing counsel "…was a document, never proposed before and must be brought by a separate Motion." [DE 81, p. 1];

(b) that, referring to the Notice to Appear, "no such proposed order had ever been filed in the case before" [DE 81, p. 2];

(c) that the emailing of the proposed Notice to Appear by Judgment Creditor's counsel to the Court and opposing counsel was "an extraordinary motion practice by email" and "an unusual procedure, bypassing the requirements of Rule 7.1, including a proper opportunity to file an Opposition." [DE 81, p. 1];

(d) that the effect of the Court's action was "to downgrade the extraordinary motion practice to emails…" [DE 81, p. 2];

(e) that the proposed Notice to Appear sent by Judgment Creditor's counsel to the Court and opposing counsel required a "memorandum of law." [DE 81, p. 4];

(f) that Mr. Petrov should have been afforded 14 days to file a memorandum of law in opposition to the proposed Notice. [DE 81, p. 4]; and

(g) that the email from Judgment Creditor's counsel to the Court and opposing counsel showed "disrespect to the Court…as though said counsel dominates the Court." [DE 81, p. 5].

Mr. Grant also submitted case law authority and citation to rules which are wholly inapplicable to the routine, authorized emailing of a proposed Notice to Appear by a party's counsel to the Court.

Judgment Creditor responded to Mr. Petrov's Motion to Vacate [DE 81].[1] In the response, counsel for Judgment Creditor initially asserts that Mr. Grant failed to confer with him at all before filing his first motion to vacate and, yet, falsely represented in his first motion to vacate that he had conferred with Judgment Creditor's counsel. Judgment Creditor's counsel also states that Mr.

---

[1] As an initial matter, even though Judgment Creditor's response and Request for Sanctions [DE 82] is technically directed at Mr. Petrov's original motion to vacate [DE 80], which was later "corrected" by Mr. Petrov and then denied as moot [DEs 83, 84], the Court will deem Docket Entry 82 responsive to the pending Motion [DE 81] as well. It would be a further waste of attorney and judicial resources to require a new response by Judgment Creditor and would be putting form over substance since Mr. Petrov's two motions to vacate make the same general arguments. Furthermore, in the response, Judgment Creditor noted that Mr. Petrov had recently filed a new version of the Motion to Vacate at DE 81. See DE 82, p. 2, f.n. 1. Thus, Judgment Creditor's response is deemed to apply to the pending Motion to Vacate as well. The Court will not waste any further scarce judicial resources on this matter or have it delayed further by requiring a further unnecessary response from Judgment Creditor.

9

Grant did call him <u>after</u> filing the first motion to vacate and <u>before</u> filing the second motion to vacate, but that Mr. Grant then refused to properly confer and fully discuss the dispute and instead cut off counsel and stated that he only needed to obtain the position of Judgment Creditor's counsel [DE 82, p. 1-2].[2]

Judgment Creditor also argues that Mr. Petrov is improperly classifying the Notice to Appear as a "request for an Order," and that a "request for an Order" must be made by way of a motion. [DE 82, p. 4]. According to Judgment Creditor, a "Notice to Appear is not a Proposed Order, nor does it require an independent Motion when such a Motion was already granted by this Court." *Id.* Judgment Creditor argues that Mr. Petrov's motion to vacate does not meet the standard of Federal Rule of Civil Procedure 60, and, further, that Mr. Petrov is not, in fact, seeking to vacate an Order; rather, he is seeking to vacate a Notice to Appear based on a prior Order. [DE 82, pp. 3-4]. Judgment Creditor argues that a Notice to Appear is more akin to a summons than it is to an order, as it merely summons Mr. Petrov to appear and present his defenses [DE 82, pp. 4-5]. Judgment Creditor asserts that Mr. Petrov's due process rights were not in any way violated by the procedure utilized by the Court. *Id.* Judgment Creditor argues that Mr. Petrov's Motion to Vacate

---

[2] In this regard, Mr. Petrov, through his counsel, Mr. Grant, failed to file a reply to the Judgment Creditor's Response [DE 82]. Therefore, the assertion of Judgment Creditor's counsel that Mr. Grant falsely stated in his motion filed at DE 80 that he had conferred with Judgment Creditor's counsel or attempted to do so before filing the motion at DE 80 (as required by S.D. Fla. L.R. 7.1(a)(3)), when, in fact, Mr. Grant had not made any attempt at conferral , is wholly unrebutted by Mr. Grant. Further, Judgment Creditor's counsel's assertion that, when Mr. Grant called Judgment Creditor's counsel prior to filing Mr. Petrov's motion at DE 81, Mr. Grant did not fully discuss and attempt in good faith to resolve the dispute as required by S.D. Fla. L.R. 7.1(a)(3) and instead cut off opposing counsel and stated he merely needed to obtain opposing counsel's position on the motion (in contravention of S.D. Fla. L.R. 7.1(a)(3)), is likewise wholly unrebutted by Mr. Grant. In light of Mr. Grant's extreme litigiousness on behalf of Mr. Petrov in this case, his silence on these assertions and failure to rebut speak volumes to this Court. The Court accepts Judgment Creditor's counsel's representations that Mr. Grant falsely represented in the Motion filed at DE 80 that he had conferred or attempted to confer with opposing counsel when he had not done so, and that Mr. Grant failed to properly confer as required by our Local Rules in regard to his filing of the Motion at DE 81. Importantly, had Mr. Grant taken the time to fully and properly confer prior to filing his motions at DEs 80 and 81, he would have likely been apprised of the frivolousness and falsity of his positions, and this entire unpleasant situation could have possibly been avoided.

is violative of Federal Rule of Civil Procedure 11 because it lacks legal support. He argues that the legal positions and arguments asserted by Mr. Petrov are not based in law, not based in reality, and are a complete waste of time of counsel and the Court. *Id.* at p. 5-6.

The Court finds Mr. Petrov's initial Motion [DE 80], pending Motion [DE 81], and Objection [DE 79] to be wholly without merit and based upon false statements and misrepresentations. The Court also finds that Mr. Grant falsely asserted in DE 80 that he had conferred with opposing counsel or attempted to do so when, in fact, he did not, and, further, that Mr. Grant failed to fully and effectively confer before filing the Motion at DE 81. Even the basic premise of the pending Motion [DE 81] is faulty and false. Mr. Petrov and his counsel, Mr. Grant, falsely make it seem as if they had never seen the proposed Notice to Appear until it was emailed on June 16, 2020, by Judgment Creditor's counsel to the undersigned's chambers in Word format pursuant to a Court Order. Then, they accuse the Court of quickly entering the Notice to Appear before they had ever seen it or had any chance to respond to it. [DE 81, pp. 1-2].

However, that very same Notice to Appear had been attached in PDF format to Judgment Creditor's underlying motion [DE 74-3] on March 27, 2020, approximately 2 ½ months ***before*** the proposed Notice to Appear was emailed in Word format to the Court and opposing counsel. And Mr. Petrov had responded to that motion at DE 75. Therefore, Mr. Petrov and his counsel, Mr. Grant, clearly had previously seen that proposed Notice to Appear, and had a full and complete opportunity to review the Notice to Appear, and to object or argue that the Notice to Appear was deficient when Mr. Grant filed Mr. Petrov's response to the underlying motion. In this regard, Mr. Grant's statement in the Motion to Vacate that, as to the Notice to Appear emailed to the Court, "no such proposed Order had ever been filed in the case before" [DE 81, p. 2] is a false statement and a false misrepresentation to this Court by an attorney which is flatly repudiated by DE 74-3.

11

The Court is frankly astonished, and quite troubled, by Mr. Grant's reckless, incompetent, frivolous, and deceitful filings [DEs, 79, 80, 81] in this case.

## IV. <u>**MR. PETROV'S OBJECTION AND MOTION ARE DUE TO BE DENIED**</u>

Both Mr. Petrov's pending Motion [DE 81] and the Objection [DE 79] are completely frivolous in nature and are due to be denied. As noted above in this Order, in both the Motion and the Objection, Non-party Mr. Petrov, through his counsel, Mr. Grant, misleadingly and falsely claims that Judgment Creditor improperly filed the equivalent of a motion to the Court via email, and that Mr. Petrov and Mr. Grant had never seen the proposed Notice to Appear before it was emailed, even though they had previously seen it months before at DE 74-3.

Mr. Petrov and his counsel also falsely assert that this Court acted improperly so as to "downgrade the extraordinary motion practice to emails…" [DE 81, p. 2]. This astonishing assertion has absolutely no legal or factual basis to support it. How Mr. Grant can equate the routine and authorized emailing of a proposed order or notice to the Court in Word format, which occurs hundreds of times each day in the Southern District of Florida, as establishing that this Court acted improperly so as to "downgrade the extraordinary motion practice to emails" [DE 81, p. 2] is beyond the comprehension of the undersigned.

Mr. Petrov and his counsel, Mr. Grant, instead of properly defending this case as is their right, have unfortunately opted to distort, delay, misrepresent, and over-complicate a very straightforward, proper procedure. Thus, the wholly improper and frivolous Objection and Motion filed by Mr. Petrov are due to be denied as they are unsupported by either law or fact. However, such conduct by Mr. Petrov and Mr. Grant requires additional action by the Court, discussed below.

## V. AWARD OF SANCTIONS IN FAVOR OF JUDGMENT CREDITOR AND AGAINST MR. PETROV AND HIS COUNSEL GARY GRANT

Under its inherent power, "a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting Alyeska, 421 U.S. at 258-59) (internal quotations omitted); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a nonmeritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Barnes,* 158 F.3d at 1214; *Burns v. Citigold Auctions of S. Fla., Inc.*, No. 13-80027-CIV, 2014 WL 12580526, at *4 (S.D. Fla. Jan. 31, 2014)

The Court finds here that both Mr. Grant and Mr. Petrov have acted in bad faith and vexatiously in filing the Objection [DE 79] and Motions [DEs 80, 81]. The Court further finds that they have asserted non-meritorious, frivolous, and false arguments and statements for the obvious purpose of harassing Judgment Creditor, and to frustrate and delay these proceedings. Their improper actions have, in fact, harassed the Judgment Creditor and have, in fact, frustrated and delayed these proceedings; they have also caused this Court to have to unnecessarily expend extensive scarce judicial resources to resolve their frivolous Motion and Objection.

Mr. Grant and Mr. Petrov have a history of prolonging these proceedings and obstructing and frustrating the post-judgment discovery process and Court Orders in this case. *See, e.g.*, DE 51, pp. 4-5; DE 58, pp. 3-4; DE 61, pp. 2-3. While the Court has declined to sanction Mr. Petrov and/or his counsel in the past, the filing of Mr. Petrov's pending Objection [DE 79], initial Motion

[DE 80], and pending Motion [DE 81] is particularly problematic and extremely troubling to this Court. Those filings are replete with frivolous arguments and assertions, false statements and misrepresentations to this Court. This conduct is something that is simply not tolerated in federal court and is conduct which is so egregious that it simply cannot be overlooked by this Court. The Objection and Motions are so wholly without merit and so frivolous that it is very clear to the Court that they are an attempt by Mr. Grant and Mr. Petrov to frustrate and delay the Court's commencement of proceedings supplementary and avoid having to respond to the Notice to Appear.

The Objection and Motions also contain clear misrepresentations of the procedural history in this case. The three filings [DEs 79, 80, 81] are, in fact, dishonest, contain false statements and arguments, and do serve to delay and frustrate this proceeding. The Court finds, as noted above, that Mr. Grant and Mr. Petrov filed the Objection and the Motions to Vacate in bad faith and vexatiously in an oppressive manner. Mr. Petrov and his counsel, Mr. Grant, have, in DEs 79, 80 and 81, made misrepresentations, false statements, and asserted frivolous arguments in an effort to delay, frustrate and prolong these proceedings. Therefore, the Court will enter an award of sanctions against attorney Gary Grant and Andrey Petrov, jointly and severally, and in favor of Judgment Creditor under the Court's inherent power.[3]

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion of Non-party Andrey Petrov to Vacate Order Dated June 16, 2020 [DE 81]

---

[3] In Judgment Creditor's Opposition to Non-Party Petrov's Motion to Vacate and Request for Sanctions [DE 82, pp. 5-6], he seeks Rule 11 sanctions for Mr. Petrov's filing of the pending Motion and Objection. However, while Rule 11 sanctions may be appropriate when such a baseless motion has been filed, Judgment Creditor has failed to comply with the technical requirements of Rule 11, including the 21-day safe harbor provision. Therefore, the Court declines to award sanctions pursuant to Rule 11.

14

is **DENIED**.

2. The Objection of Non-party Andrey Petrov to the Communication by Counsel for Kirill Yurovskiy to Court by Email Contrary [sic] F.R. Civ. P. [DE 79] is **OVERRULED and DENIED**.

3. Andrey Petrov shall respond to the Notice to Appear [DE 78] on or before **August 28, 2020**. The responding affidavit must raise any fact or defense opposing application of the property described in the Notice to Appear to satisfy the judgment, including legal defenses, such as lack of personal jurisdiction. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit. *See* Fla. Stat. §56.29(2).

4. The Court hereby ORDERS, and shall enter, an award of sanctions in the form of attorney's fees and costs against attorney Gary Grant and Andrey Petrov, jointly and severally, and in favor of Judgment Creditor under the Court's inherent power. Judgment Creditor shall file an appropriate affidavit with the Court on or before **August 21, 2020**, documenting all attorney's fees and costs incurred as a result of drafting and researching his response to Mr. Petrov's Motions to Vacate [DEs 80 and 81] and Objection [DE 79], and reviewing and researching DEs 79, 80, and 81. Additionally, counsel shall include all time incurred conferring or attempting to confer with Mr. Grant. The affidavit should include the amount of attorney's fees and costs sought, hours expended, services rendered (any privileged notations may be redacted), and hourly rate sought. Mr. Petrov and Mr. Grant shall have until on or before **September 1, 2020**, to file a response or objections to the hourly rate claimed by Judgment Creditor's counsel and the number of hours incurred by Judgment Creditor's counsel. Thereafter, Judgment Creditor shall have until on or before **September 8, 2020**, to file

any reply to Mr. Petrov's response. The Court will then determine the specific amount of reasonable attorney's fees and costs which shall be paid by Mr. Petrov and Mr. Grant to Judgment Creditor and enter a further written Order.

5. **<u>Referral of Attorney Gary Grant to this Court's Disciplinary Committee and to The Florida Bar:</u>**

    a. Rule 6(c)(1) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys in the Southern District of Florida states as follows: "Any ... Magistrate Judge ... may, in the Judge's discretion, refer in writing to the [Ad Hoc] Committee [on Attorney Admissions, Peer Review, and Attorney Grievance] the name of any attorney the Judge observed practicing law in a manner which either: (a) raises a significant question as to the adequacy of such attorney's ability to represent clients in a competent manner (See Rule 6(b)(1) Peer Review); and/or (b) whose acts or omissions may violate the Standards for Professional Conduct (See Rule 6(b)(2)(A))." In light of this rule and the conduct of Mr. Grant, the Court hereby refers this matter to the Committee. The Court believes that Mr. Grant's conduct, as documented in this Order, raises a significant question as to the adequacy of his ability to represent clients in a competent manner. Further, in making false statements and misrepresentations to the Court and to opposing counsel, and in filing the frivolous and non-meritorious Motions [DE 80, 81] and Objection [DE 79] in this case as documented above, the Court believes that Mr. Grant's acts or omissions may have violated the Standards for Professional Conduct. The Court notes that this Court's Standards for Professional Conduct incorporate the Florida Bar Rules

16

of Professional Conduct, *see* S.D. Fla. L.R. 11.1, and, therefore, the comments in the following section referring Mr. Grant to The Florida Bar are equally applicable here. The undersigned is not making this referral based solely on the frivolous and incompetent nature of Mr. Grant's filings, but also because the papers contain misrepresentations, as well as statements and arguments that are indisputably false.

b. The Court also refers the matter of Mr. Grant's conduct to the Florida Bar for their consideration and investigation into Mr. Grant's unprofessional, incompetent, frivolous and deceitful conduct as documented in this Order. The Court believes that Mr. Grant may have violated, *inter alia,* Rule 4.1-1 of the Rules of Professional Conduct ("A lawyer must provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.") and Rule 4.3-3(a)(1) ("A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."). There are other Bar Rules which Mr. Grant's conduct may have violated, but the Court will leave that to The Florida Bar or others to determine. Once again, the undersigned notes that it is making this referral not only because the Motions [DE 80, 81] and Objection [DE 79] filed by Mr. Grant were frivolous, incompetent, harassing, and designed to delay and frustrate this proceeding, but also because they contain misrepresentations and false statements and arguments to this Court, as specified previously in this Order.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of August, 2020.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge